# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAVID WINDOM,

              **Plaintiff,**

v.                                           **Case No. 6:23-cv-761-JA-EJK**

ORANGE COUNTY,

              **Defendant.**

---

### ORDER

THIS CAUSE is before the Court on Defendant Orange County's Motion to Dismiss the Amended Complaint ("Motion to Dismiss," Doc. 5).[1] Plaintiff filed a Response in Opposition to the Motion to Dismiss ("Response," Doc. 12). For the following reasons, Defendant's Motion to Dismiss (Doc. 5) will be granted in part and denied in part.

### I. Factual Background[2]

Plaintiff David Windom sues Defendant Orange County for failure to provide adequate medical care in violation of the Eighth and Fourteenth

---

[1] Defendant removed this case to this Court from the Ninth Judicial Circuit Court of Florida, Orange County, after Plaintiff filed the Amended Complaint. *See* Doc. Nos. 1, 1-2.

[2] This account of the facts is taken from Plaintiff's Amended Complaint (Doc. 1-1). The Court accepts the veracity of these factual allegations when considering a motion to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

Amendments (Count I) and for the state tort of negligent supervision (Count II). (Doc. 1-1 at 3–4.) To support his claims, Plaintiff alleges that in 2018 he was arrested in Winter Garden, Florida and later transported to the Orange County Jail ("Jail") where he remained until his release.[3] (*Id.* at 2.) Defendant's medical staff at the Jail is responsible for providing medical care and services to inmates there. (*Id.*) The medical staff is hired and completely supervised by the Jail Administration. (*Id.*)

Soon after arriving at the Jail, Plaintiff began to experience blurriness and irritation in one of his eyes. (*Id.*) Pursuant to Defendant's protocol, Plaintiff was seen by the Jail's medical staff. (*Id.*) At that time, he requested to be referred out to a vision specialist, but his request was denied. (*Id.*) The medical staff treated Plaintiff but did not resolve his vision issue. (*Id.*)

Plaintiff again complained about his vision problem and requested to be referred out because the problem had not improved and was becoming progressively worse. (*Id.*) Plaintiff made multiple complaints about his worsening vision. (*Id.*) Defendant, however, "has internal policies and procedures that dissuade their medical staff from referring matters to outside

---

[3] In the Amended Complaint, Plaintiff does not specify the dates of his incarceration at the Jail. The Court takes judicial notice of Plaintiff's initial Complaint filed in the state court in which he alleged that he was committed to the Jail in February 2018 and "remained in the jail through a considerable portion of 2019." *See* Doc. 1-2 at 1; *see also* https://myeclerk.myorangeclerk.com, *Windom v. Orange County*, Case No. 2022-CA-006457-O.

medical providers." (*Id.*) The purpose of Defendant's policies and practices are to save Defendant money. (*Id.*)

Eventually, Plaintiff was referred to an outside vision specialist.[4] (*Id.*) The specialist told Plaintiff that he had suffered permanent vision loss and that the loss could have been avoided had he received appropriate medical care earlier. (*Id.* at 3.)

Defendant did not properly supervise the Jail medical staff that it hired to provide medical care to inmates. (*Id.* at 4.) Defendant breached the duty owed to Plaintiff "by failing to properly supervise its medical staff as it relates to ensuring that the medical staff was timely providing necessary care to [] Plaintiff. . . or by timely referring inmates to outside medical providers who required services the jail medical staff was not able to provide." (*Id.*) Because of Defendant's deliberate indifference and/or negligent supervision of Jail medical staff, Plaintiff suffered irreversible vision loss. (*Id.* at 3–4.) Plaintiff seeks compensatory damages for his loss of vision and emotional pain. (*Id.* at 4.)

## II. Standard For Motion To Dismiss

A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, courts must accept all factual allegations in the complaint as true and read them

---

[4] Plaintiff does not indicate the date on which he was referred to an outside specialist.

in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted). The recitation of the elements of a claim is not enough, and the district court is not required to give any credence to legal conclusions that are unsupported by sufficient factual material. *Iqbal*, 556 U.S. at 678.

## III.   Analysis

Defendant moves to dismiss the Amended Complaint because (1) Plaintiff only alleges a claim for medical malpractice and failed to follow the pre-suit screening process required before filing such a claim, and alternatively, he fails to state a claim for deliberate indifference to a serious medical need, (2) Plaintiff failed to satisfy the pre-suit requirements of Section 768.28(6)(a) of the Florida Statutes for filing a tort claim, and (3) Plaintiff's claims are otherwise barred by the doctrine of sovereign immunity. (Doc. 5 at 2–11.)

A.    **Pre-suit Screening Requirement for Medical Malpractice and Deliberate Indifference to a Serious Medical Need Claim**

Initially, the Court notes that if, as Defendant argues, the Amended Complaint alleges a claim for medical malpractice, versus a § 1983 deliberate indifference claim, then Defendant improperly removed this case from the state court. Upon review of the Amended Complaint, Plaintiff asserts a claim for deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendment. *See* Doc. 1-1 at 3. Plaintiff also alleges a state law claim of negligent supervision. *Id.* at 4. Accepting the Amended Complaint on its face, as the Court must do, Plaintiff does not assert a claim for medical malpractice. Consequently, no basis exists to dismiss the Amended Complaint because Plaintiff was required to comply with the medical malpractice pre-suit notice screening process. The Court, therefore, next considers whether Plaintiff has sufficiently pled a claim for deliberate indifference to a serious medical need.

Defendant argues that Plaintiff fails to state a claim for deliberate indifference to a serious medical need. (Doc. 5 at 2–7.) Defendant makes three arguments for dismissal: (1) the Amended Complaint fails to allege that Defendant or any agent of Defendant was deliberately indifferent because they had knowledge of Plaintiff's need for medical care and refused to provide it, (2) the Amended Complaint fails to allege that an express, constitutionally repugnant policy of Defendant's caused the violation of Plaintiff's rights, and (3)

the Amended Complaint does not identify which county official created a policy with ill-intent or negligence. (*Id.*)

To prevail on a claim of deliberate indifference to a serious medical need against a county, Plaintiff must first show that Defendant "advanced 'a *policy or custom*' of deliberate indifference that led to the violation of [Plaintiff's] constitutional right. . . .'" *Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022) (emphasis in original) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff also must demonstrate that Defendant or one of its agents acted with deliberate indifference to his serious medical need. *Id.*

""A policy is a decision that is officially adopted by the [governmental entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [governmental entity]' while '[a] custom is a practice that is so settled and permanent that it takes on the force of law.'" *Id.* (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). "'Proof of a single incident of unconstitutional activity is not sufficient to impose liability' on a governmental entity" based "on either a policy or custom 'unless the challenged policy itself is unconstitutional.'" *Id.* (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985)).

Under the Fourteenth Amendment, government officials must provide

pretrial detainees with basic necessities like medical care.[5] *Id.* at 1287 (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir. 1985)). Thus, failure to provide medical care violates the Constitution and is actionable under § 1983. *Id.* To establish a constitutional claim for the denial of medical care, a litigant "'must satisfy both an objective and a subjective inquiry.'" *Id.* (quoting *Hamm*, 774 F.2d at 1574). To satisfy the objective inquiry, a plaintiff must demonstrate "the existence of an objectively serious medical need." *Id.* (internal quotation marks omitted). "The subjective inquiry requires a plaintiff to prove that a government official was deliberatively indifferent to that need." *Id.* (internal quotation marks omitted). The deliberate indifference, subjective inquiry is comprised of four elements: "(1) the official 'was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' (2) the official 'actually drew that inference,' (3) the official 'disregarded the risk of serious harm,' and (4) the official's 'conduct amounted to more than gross negligence.'" *Id.* (quoting *Hamm*, 774 F.2d at 1574). "The mere fact that medical care is eventually provided is insufficient to defeat a claim for deliberate indifference." *Id.* at 1287–88. "An official may still act with deliberate

---

[5] This standard is rooted "in the Eighth Amendment's proscription of cruel and unusual punishment against prison inmates." *Ireland*, 53 F.4th at 1288 n.4. The Eleventh Circuit has indicated that "'decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees' when it comes to '[c]laims involving the mistreatment of arrestees or pretrial detainees in custody.'" *Id.* (quoting *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996)).

indifference 'by delaying the treatment of serious medical needs.'" *Id.* at 1288 (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Here, Plaintiff alleges that he sought treatment from Jail medical staff for blurriness and irritation of one eye, and although he received treatment, it did not resolve his vision issue. He again complained to Jail medical staff about his worsening vision problem, again requested to be referred to someone outside the Jail because the problem had not improved and was becoming progressively worse, and thereafter made multiple complaints about his worsening vision. Per Plaintiff's allegations, although Jail medical staff eventually referred him out for treatment, by that time he had suffered permanent vision loss that could have been prevented had he received appropriate medical care earlier.

Considering these allegations, Plaintiff has plausibly alleged at this stage of the proceedings that (1) the Jail medical staff knew that Plaintiff's vision issue was not improving and was getting progressively worse despite their treatment from which an inference could be drawn that a substantial risk of serious harm existed, *i.e.*, permanent vision loss, (2) the Jail medical staff drew this inference given that they eventually referred Plaintiff for outside treatment,[6] (3) although they treated Plaintiff, they disregarded the risk of

---

[6] Of course, from the Amended Complaint, there is no indication what treatment Jail medical staff provided, how many complaints Plaintiff made about his worsening vision or the timing of Plaintiff's complaints and treatment, or how long the delay was between the Jail medical staff's treatment and Plaintiff's referral for outside care after

permanent vision loss by delaying the outside referral despite Plaintiff's multiple complaints about his worsening vision, and (4) the Jail medical staff's conduct, given Plaintiff's multiple complaints, amounted to more than gross negligence. In other words, Plaintiff has sufficiently alleged at this stage of the proceedings that Jail medical staff acted with deliberate indifference by delaying necessary outside treatment of his worsening vision by a specialist.

Further, the Amended Complaint alleges that the reason Jail medical staff delayed sending Plaintiff to an outside specialist despite his worsening vision was because Defendant, to save money, "has internal *policies* and procedures that dissuade their medical staff from referring matters to outside medical providers." (Doc. 1-1 at 2) (emphasis added). The Eleventh Circuit has recognized that in some instances delaying necessary treatment of a serious medical need may be unconstitutional. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out."). Consequently, if Defendant in fact has official policies that dissuade Jail medical staff from referring individuals for necessary outside treatment, this could constitute an unconstitutional policy.[7] *See id.* ("Intentional failure to

---

he complained about worsening vision. All these issues may be relevant at the summary judgment stage.

[7] As to these purported "policies," Plaintiff will have to prove that Defendant "officially adopted them" or that the purported "policies" "were created by an official of

provide service acknowledged to be necessary is the deliberate indifference proscribed by the Constitution."). Thus, at this juncture, Plaintiff has sufficiently alleged that Defendant's unconstitutional policies led to the violation of his rights.

Finally, the Court has not located any case law requiring Plaintiff to identify which county official created the purported policy. *See Hoefling v. City of Miami,* 811 F.3d 1271, 1280 (11th Cir. 2016) ("Although Mr. Hoefling may ultimately have to identify (and provide proof concerning) a single final policymaker in order to survive summary judgment or prevail at trial. . . , we do not think that he had to name that person in his complaint in order to survive a Rule 12(b)(6) motion. All he needed to do was allege a policy, practice, or custom of the City which caused the [constitutional violation]."). In sum, "[g]iven that a complaint need only state enough facts to 'state a claim for relief that is plausible on its face,'" *id.* (quoting *Twombly,* 550 U.S. at 570), the Court concludes that the Amended Complaint sufficiently pleads a municipal liability claim against Defendant for deliberate indifference to a serious medical need.

### B.    Claim of Negligent Supervision

Defendant argues that Plaintiff failed to satisfy the pre-suit requirements of Section 768.28(6)(a) of the Florida Statutes, and thus, his negligent

---

such rank that he or she could be said to be acting on behalf of [Defendant]." *Ireland,* 53 F.4th at 1289 (internal citation marks omitted).

supervision claim is barred. Plaintiff did not respond to this argument. *See* Doc. 12.

Florida law contains a limited waiver of sovereign immunity from tort actions. *See* Fla. Stat. § 768.28(1). Under this statute, however,

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a . . . county. . . , presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing.

Fla. Stat. § 768.28(6)(a). "A complaint must allege compliance with this requirement." *Hoti v. Garten*, No. 18-CV-80657, 2021 WL 3482979, at *8 (S.D. Fla. July 21, 2021) (citing *Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988)). Failure to include such an allegation subjects a complaint to dismissal for failure to state a claim. *Id.* (citing *Menendez*, 537 So. 2d at 91). "'A complaint that is brought without first providing statutory notice must be dismissed with leave for plaintiff to amend his complaint to allege compliance with the notice requirement.'" *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393 (S.D. Fla. 2008) (quoting *Diversified Numismatics, Inc. v. City of Orlando, Fla.*, 783 F. Supp. 1337, 1347 (M.D. Fla. 1990)). When the time for filing the notice has expired, however, such that it is clear the plaintiff cannot satisfy the requirement, the court must dismiss the complaint with prejudice. *Id.*

The Amended Complaint does not allege compliance with the pre-suit

notice requirement. In addition, Plaintiff does not refute Defendant's argument that he did not comply with the notice requirement. *See W. Coast Life Ins. Co. v. Life Brokerage Partners LLC*, No. 08-80897-CIV, 2009 WL 2957749, at *11 (S.D. Fla. Sept. 9, 2009) (recognizing that the plaintiff's failure to respond to an argument raised on a motion to dismiss enables a court to dismiss a claim by default). Further, Plaintiff's claims arose from 2018 to 2019. Consequently, at the latest, Plaintiff had through 2022 to provide Defendant proper notice. Given Plaintiff's failure to satisfy the pre-suit notice requirement of Florida Statute § 768.28(6)(a) and his inability to do so at this stage, his negligent supervision claim is barred. *See, e.g., Thornton v. Chronister*, 309 F. Supp. 3d 1196, 1201–02 (M.D. Fla. 2018) (dismissing with prejudice negligence claim against the State Fair Authority based on failure to comply with pre-suit notice requirement). Accordingly, Plaintiff's negligent supervision claim (Count II) is dismissed with prejudice.

## C.    Sovereign Immunity

Defendant argues that Plaintiff's claims are barred by sovereign immunity. Plaintiff's only remaining claim is a § 1983 claim for violation of his constitutional rights.

"The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations." *Mt. Healthy City Sch. Dist. Bd. of*

*Educ. v. Doyle,* 429 U.S. 274, 280 (1977) (citation omitted). The Eleventh Circuit, therefore, "has recognized that the Eleventh Amendment does not prevent an award of damages against a county." *Hutton v. Strickland*, 919 F.2d 1531, 1542 (11th Cir. 1990); *see also Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs,* 405 F.3d 1298, 1314 (11th Cir. 2005). Accordingly, Eleventh Amendment immunity does not bar Plaintiff's constitutional claim against Defendant.

## IV. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant Orange County's Motion to Dismiss (Doc. 5) is **GRANTED in part and DENIED in part.** The Motion is **GRANTED** as to Plaintiff's state law negligent supervision claim (Count II), and Count II is **dismissed with prejudice.** The Motion is **DENIED** as to Plaintiff's deliberate indifference to a serious medical need claim (Count I).

**DONE** and **ORDERED** in Orlando, Florida, on January 31, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record